Case 2:24-mj-00179-NAD   Document 1   Filed 03/22/24   Page 1 of 9
Case 8:22-cr-00055-KKM-TGW   Document 1   Filed 02/08/22   Page 1 of 9 PageID 1

FILED
2024 Mar-22 AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

BERNARDINO RODRIGUEZ-BERRERA
   a/k/a "Chiquita" and
BELINDA ARAGONEZ-PIEDRAS

CASE NO. 8:22-cr-55-KKM-TGW

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(3)(B)

SEALED

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Money Laundering Conspiracy)

#### A. Introduction

At times material to this Indictment:

1. Bernardino Rodriguez-Barrera, a/k/a Chiquita, was a citizen of Mexico and a resident of Arizona. Rodriguez-Barrera owned and operated Bel-Ber Entertainment, Inc., a music promotion business.

2. Belinda Aragonez Piedras was a citizen of Mexico and a resident of Texas. Piedras partnered with Rodriguez-Barrera to operate Bel-Ber Entertainment, Inc.

3. Bel-Ber Entertainment, Inc., was an Arizona corporation formed in or around March 2018 by Bernardino Rodriguez-Barrera. Bel-Ber Entertainment, Inc.

maintained a bank account at Bank of America ending in -7606, the signatory for which was Bernardino Rodriguez-Barrera.

### B. The Conspiracy

4. Beginning on an unknown date, but at least as early as in or around October 2017, and continuing through and including the date of this Indictment, in the Middle District of Florida and elsewhere, the defendants,

> BERNARDINO RODRIGUEZ-BARRERA
> a/k/a "Chiquita"
> and
> BELINDA ARAGONEZ PIEDRAS,

did knowingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to commit money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B).

### C. Manner and Means

5. The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among other things:

   a. It was a part of the conspiracy that conspirators would and did form and operate Bel-Ber Entertainment, Inc., a music promotion business.

   b. It was further part of the conspiracy that the conspirators would and did open, maintain, and control the Bel-Ber account at Bank of America ending in -7606.

   c. It was further part of the conspiracy that the conspirators would and did agree to receive and launder cash payments they believed were the proceeds

of narcotics trafficking in exchange for the conspirators keeping 10% of the laundered funds.

    d.    It was further part of the conspiracy that the conspirators would and did receive cash payments, believing that the funds were the proceeds of illegal narcotics trafficking, so that the conspirators could conceal or disguise the nature, location, source, ownership, and control of property believed to be the proceeds.

    e.    It was further part of the conspiracy that the conspirators would and did launder and clean the purported narcotics proceeds they received by, among other things, using them to fund their music promotion business and depositing the funds into one or more Bel-Ber Entertainment, Inc. bank accounts.

    f.    It was further part of the conspiracy that the conspirators would and did return the laundered funds via cash deposits, counter checks, and internal transfers, among other ways, to a Bank of America account in the name of Tejas Industries ending in -7788, which was located in Tampa, Florida.

    g.    It was further part of the conspiracy that the conspirators would and did keep and share in a portion of the purported narcotics proceeds for their own benefit in use, in excess of the agreed upon 10% fee.

    h.    It was further part of the conspiracy that the conspirators and others would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS TWO THROUGH FIVE
### (Money Laundering)

On or about the dates listed below, in the Middle District of Florida and elsewhere, the defendant,

BERNARDINO RODRIGUEZ-BARRERA
a/k/a "Chiquita,"

with the intent to conceal or disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct the financial transactions described below affecting interstate commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, that is conspiracy to distribute and possess with the intent to distribute narcotics, in violation of 21 U.S.C. § 846, and distribution and possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841:

| COUNT | DATE | TRANSACTION | AMOUNT | FINANCIAL INSTITUTION |
|---|---|---|---|---|
| TWO | 2/16/2018 | Delivery of cash to defendant in Texas | $50,000 | Withdrawn from Garda FBI account in St. Petersburg, Florida |
| THREE | 4/24/2018 | Transfer to Tejas Industries Bank of America account -7788 Tampa, Florida | $15,000 | Sent from Bel-Ber Entertainment, Inc. Bank of America account -7606 |
| FOUR | 5/4/2018 | Delivery of cash to defendant in Texas | $40,000 | Withdrawn from Garda FBI account in St. Petersburg, Florida |

4

| COUNT | DATE | TRANSACTION | AMOUNT | FINANCIAL INSTITUTION |
|---|---|---|---|---|
| FIVE | 5/7/2018 | Transfer to Tejas Industries Bank of America account -7788 Tampa, Florida | $36,000 | Sent from Bel-Ber Entertainment, Inc. Bank of America account - 7606 |

All in violation of 18 U.S.C. §§ 1956(a)(3)(B) and 2.

## COUNTS SIX THROUGH FIFTEEN
(Money Laundering)

On or about the dates listed below, in the Middle District of Florida and elsewhere, the defendants,

BERNARDINO RODRIGUEZ-BARRERA
a/k/a "Chiquita"
and
BELINDA ARAGONEZ PIEDRAS,

with the intent to conceal or disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct the financial transactions described below affecting interstate commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, that is conspiracy to distribute and possess with the intent to distribute narcotics, in violation of 21 U.S.C. § 846, and distribution and possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841:

| COUNT | DATE | TRANSACTION | AMOUNT | FINANCIAL INSTITUTION |
|---|---|---|---|---|
| SIX | 6/5/2018 | Delivery of cash to defendants in Texas | $100,000 | Withdrawn from Garda FBI account in St. Petersburg, Florida |
| SEVEN | 7/5/2018 | Counter Credit to Tejas Industries Bank of America account -7788 Tampa, Florida | $25,000 | Sent from Bank of America branch in Texas |
| EIGHT | 7/5/2018 | Counter Credit to Tejas Industries Bank of America account -7788 Tampa, Florida | $20,000 | Sent from Bank of America branch in Texas |
| NINE | 7/30/3018 | Transfer to Tejas Industries Bank of America account -7788 Tampa, Florida | $8,000 | Sent from Bel-Ber Entertainment, Inc. Bank of America account -7606 |
| TEN | 8/7/2018 | Delivery of cash to defendants in Texas | $60,000 | Withdrawn from Garda FBI account in St. Petersburg, Florida |
| ELEVEN | 8/20/2018 | Transfer to Tejas Industries Bank of America account -7788 Tampa, Florida | $25,000 | Sent from Bel-Ber Entertainment, Inc. Bank of America account -7606 |
| TWELVE | 11/13/2018 | Counter Credit to Tejas Industries Bank of America account -7788 Tampa, Florida | $9,000 | Sent from Bank of America branch in Texas - Cashier's Check, no. 1049608837 |

| COUNT | DATE | TRANSACTION | AMOUNT | FINANCIAL INSTITUTION |
|---|---|---|---|---|
| THIRTEEN | 11/13/2018 | Counter Credit to Tejas Industries Bank of America account -7788 Tampa, Florida | $9,000 | Sent from Bank of America branch in Texas- Cashier's Check, no. 1049608838 |
| FOURTEEN | 11/13/2018 | Counter Credit to Tejas Industries Bank of America account -7788 Tampa, Florida | $9,000 | Sent from Bank of America branch in Texas - Check, no. 1049608839 |
| FIFTEEN | 11/13/2018 | Counter Credit to Tejas Industries Bank of America account -7788 Tampa, Florida | $3,000 | Sent from Bank of America branch in Texas - Cashier's Check, no. 1049608840 |

All in violation of 18 U.S.C. §§ 1956(a)(3)(B) and 2.

## FORFEITURES

1. The allegations contained in Counts One through Fifteen are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

2. Upon conviction of a violation of 18 U.S.C. § 1956, the defendants,

BERNARDINO RODRIGUEZ-BARRERA
a/k/a "Chiquita"
and
BELINDA ARAGONEZ PIEDRAS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

3.  The property to be forfeited includes, but is not limited to, a judgment equal to the amount of money involved in the offenses.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
    Amanda L. Riedel
    Assistant United States Attorney

By: _____
    Christopher F. Murray
    Assistant United States Attorney
    Chief, Criminal Division

8

Case 8:22-cr-00055-KKM-TGW   Document 1   Filed 02/08/22   Page 9 of 9 PageID 9

FORM OBD-34
February 22

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

BERNARDINO RODRIGUEZ-BARRERA
a/k/a "Chiquita"
and
BELINDA ARAGONEZ PIEDRAS

INDICTMENT

Violations: 18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(3)(B)

A true bill,

_____
Foreperson

Filed in open court this 8th day

of February 2022.

_____
Clerk

Bail $ _____

GPO 863 525